IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BROWN SCHOOLS, INC., *et al.*,<br>     Debtors. | Chapter 7<br><br>Case No. 05-10841 (MFW) |
| GEORGE L. MILLER, Chapter 7 Trustee<br>of The Brown Schools, Inc.<br><br>     Plaintiff,<br>        v.<br><br>McCOWN DE LEEUW & CO., INC., *et al.*<br><br>     Defendants. | Adversary No.  06-50861 |

ANSWER OF PLAINTIFF TRUSTEE GEORGE L. MILLER IN OPPOSITION
TO DEFENDANTS' JOINT MOTION FOR LEAVE TO APPEAL


KAUFMAN, COREN & RESS, P.C.

Steven M. Coren   (Pro Hac Vice)
Larry H. Spector  (Pro Hac Vice)
John W. Morris    (Pro Hac Vice)

1717 Arch Street
Suite 3710
Philadelphia, PA  19103
(215) 735-8700 Phone
(215) 735-5170 Fax

COZEN O'CONNOR

John T. Carroll, III
(DE. No. 4060)


1201 North Market Street
Suite 1400
Wilmington, DE 19801
(302) 295-2028 Phone
(302) 295-2013 Fax


Attorneys for Trustee

I.  **INTRODUCTION**

Plaintiff, George L. Miller (the "Trustee"), Chapter 7 Trustee of The Brown Schools, Inc. and subsidiaries ("TBS" or the "Debtors"), respectfully submits this brief in opposition to Defendants' Joint Motion for Leave to Appeal.

The Trustee commenced this adversary proceeding on September 26, 2006, and seeks to recover damages suffered by the Debtors as a result of the Defendants – former insiders of the Debtors – having engaged in self-dealing, having breached their fiduciary duties to an insolvent TBS and its creditors, having wasted the Debtors' assets, and having made fraudulent and voidable transfers to themselves.

After two unsuccessful efforts to dismiss this case at the pleading stage, the Defendants have now resorted to mischaracterizing both the underlying claims and the Bankruptcy Court's two prior decisions, in a transparent attempt to manufacture grounds for an interlocutory appeal, when none exist.

The District Court should deny leave to appeal for at least the following reasons:

(1) The Defendants' motion and notice of appeal are untimely, because the Bankruptcy Court decided these issues in its first decision almost a year ago. The Bankruptcy

1

Court's second decision on motions to dismiss, which is the subject of the instant motion for an interlocutory appeal, in large part simply rejected Defendants' improper efforts to get a second bite at the apple by re-spinning arguments previously rejected. The Brown Schools, 368 B.R. 394 (Bankr. D. Del. 2007) (Docket Item ("D.I.") 66);

(2) The requested appeal does not involve controlling questions of law upon which there are substantial grounds for difference of opinion, and the Bankruptcy Court did not fail to follow any controlling authority;

(3) An immediate appeal will not materially advance the ultimate termination of the litigation; to the contrary, it will result in unnecessary delay and prejudice to the Debtors; and,

(4) No exceptional circumstances distinguish this case from the procedural norm, which calls for postponing appellate review until after the entry of final judgment.

II. **ARGUMENT**

Under 28 U.S.C. 158, an interlocutory appeal from a bankruptcy court's order may only be had when the order at issue "'(1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion and (3) when an immediate appeal from the order may materially advance the ultimate termination of the

litigation.'" Dal-Tile Intl., Inc., v. Color Tile, Inc., 203 B.R. 554, 557 (D. Del. 1996) (applying the same standards set forth in 28 U.S.C. § 1292(b) for interlocutory appeals from district courts to courts of appeals) (quoting In re Delaware and Hudson Ry. Co., 96 B.R. 469, 473 (D. Del. 1989), aff'd 884 F.2d 1383 (3d Cir. 1989), and aff'd 884 F.2d 1834 (3d Cir. 1989)).

"Additionally, a court will entertain an appeal […] only when an appellant demonstrates that 'exceptional circumstances justify departure from the basic policy of postponing review until after the entry of final judgment.'" id., quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).[1]

---

[1] The interlocutory appeal exception is intended to avoid the "potential for causing a wasted protracted trial if it could be determined that there might be no liability." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). It was not intended to apply under the circumstances of this case, where the Defendants merely attack one of several measures of damages proffered by the Trustee. Even were the Defendants to succeed on appeal, a trial would occur nevertheless since much of the damages claimed – such as wrongful payments to insiders or others (e.g., the monies paid to the Defendants and to TIAA), damages from corporate waste, and increased losses suffered while the business was fraudulently prolonged – are recoverable under traditional theories of breach of fiduciary duty, fraudulent transfer, and waste – theories long recognized by the courts in Delaware and elsewhere.

The Defendants have failed to meet the heavy burden necessary to justify an interlocutory appeal, and their motion should be denied.

1.   **THE APPEAL IS UNTIMELY.**[2]

The instant motion for leave to appeal concerns the Bankruptcy Court's April 24, 2008 Order in The Brown Schools, __ B.R. __, 2008 WL 1849790 (Bankr. D. Del.) (D.I. 107, which granted in part and denied in part Defendants' motions to dismiss (D.I. 78, 83, 88) the Trustee's Second Amended Complaint (D.I. 72). The Defendants, however, made the same arguments over a year ago in their motions (D.I. 31, 34, 40) to dismiss the Trustee's First Amended Complaint (D.I. 20), and these same arguments were first rejected by the Bankruptcy Court in its decision on June 5, 2007 (D.I. 66, 67). The Brown Schools, 368 B.R. 394 (Bankr. D. Del. 2007).

As Chief Judge Walrath recently held in connection with Defendants' motions to dismiss the Trustee's Second Amended Complaint:

> The Trustee argues that in the June 2007 Opinion, the Court acknowledged that the amount paid pursuant to the July 2004 Restructuring constituted damages which may be recovered under the breach of fiduciary duty. The Brown Schools, 368 B.R. 394, 400 (Bankr.D.Del. 2007).

---

[2]   Appeals from bankruptcy court orders must be taken within ten days. Fed. R. Bankr. P. 8002.

4

\* \* \*

> The Court agrees with the Trustee and the reasoning of the *Tuft* Court. Consequently, the Court will deny the MDC Defendants' motion to dismiss these claims on this basis.

The Brown Schools, __ B.R. __, 2008 WL 1849790*8 (Bankr. D.Del.)

> Similarly, the Bankruptcy Court held:
>
> c. Trustee's Standing
>
> The MDC Defendants also argue that the Trustee cannot establish any recoverable damages for deepening insolvency. … The MDC Defendants argue, therefore, that the Trustee cannot allege any legally cognizable injury or damages to the Debtors.
>
> The Trustee responds that the MDC Defendants are merely recasting the standing argument advanced in their initial motion to dismiss, which was already rejected by this Court in the June 2007 Opinion that held that "[e]ven though the Trustee's claims incidentally implicate creditors' rights, the Trustee has standing to assert the claims of the Debtors." Brown Schools, 368 B.R. at 400.
>
> The Court noted in its previous Opinion that the Trustee properly has standing to bring these claims. (Id.) The Trustee has adequately alleged damage to the Debtors and therefore the Court will not dismiss the Trustee's claims for lack of standing.

The Brown Schools, __ B.R. __, 2008 WL 1849790*8-9 (Bankr. D.Del.)

A party may not appeal from a second decision of the court that rejects the same arguments that the party had raised in an earlier motion at the same stage of the proceeding. Taylor v. Carter, 960 F.2d 763, 764 (8th Cir.

5


1992) (disallowing appeal of denial of motion to dismiss where defendants had merely reasserted arguments raised unsuccessfully in previous motions); Armstrong v. Texas State Bd. Of Barber Examiners, 30 F.3d 643, 644 (5th Cir. 1994) (denial of earlier motion to dismiss requires rejection of appeal from functionally equivalent later motion for summary judgment that like motion to dismiss addresses only the pleadings and raises the same defense— any differences between the motions were "illusory"); see Kennedy v. City of Cleveland, 797 F.2d 297, 303-5 (6th Cir. 1986).

As the Bankruptcy Court properly held in this case, Defendants' second round of motions to dismiss merely re-spun arguments that had been rejected in round one. (D.I. 106 at 19-20.) The Trustee's allegations in his Second Amended Complaint -- which underlie the Bankruptcy Court's conclusions regarding the damages caused to the Debtors by the Defendants' breaches of fiduciary duties and the Trustee's standing to seek redress -- have not changed from the prior pleading found adequate almost one year ago. (Compare, e.g., D.I. 72 ¶¶ 44, 50, 64, 70, 72, 92 and D.I. 20 ¶¶ 44, 50, 64, 70, 72 and 92.)

Accordingly, the Defendants had ten days from issuance of the Bankruptcy Court's June 5, 2007 order to seek leave

to prosecute an interlocutory appeal, and their instant appeal and motion are, in a word, untimely.

> **2. THE APPEAL DOES NOT INVOLVE CONTROLLING QUESTIONS OF LAW UPON WHICH THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION; THE BANKRUPTCY COURT DID NOT FAIL TO FOLLOW CONTROLLING AUTHORITY.**

In their joint effort to manufacture straw issues to support an interlocutory appeal, Defendants invent the following so-called "controlling questions of law," neither of which, however, is real nor controlling:

> (1)   whether TBS could, as a matter of law, suffer any legally cognizable injury or damage given the Trustee's allegations that TBS had no prospect of surviving and continuing as a going concern and its liquidation was inevitable; and,
>
> (2)   whether damages the Trustee seeks based on deepening insolvency are valid for any caused of action under Delaware and Third Circuit law.

Defendants' Joint Motion For Leave To Appeal ("Mot."), D.I. 109 at ¶ 1.

> A.   The Trustee Has Standing To Recover For And Has Adequately Alleged Compensable Harm Suffered By The Debtors.

The Bankruptcy Court properly rejected the Defendants' attempt to bring in through the back door in round two motions to dismiss the standing argument rejected in round one. Defendants' argument that the Trustee has alleged no legally cognizable damages because of the Debtors' alleged

7

precarious financial condition, is nothing more than a re-hash of the previously rejected standing argument, i.e., that the Trustee was allegedly improperly attempting to recover for harm to the creditors. As the Bankruptcy Court has twice held, the Trustee has standing to bring the claims alleged because he has adequately alleged damage to the Debtors.  (D.I. 106 at 20.)

As long as the damage alleged was not to a particular creditor, the benefit to those creditors was "derivative of the corporation itself" and can be pursued by the trustee. In re Scott Acquisition Corp., 344 B.R. 283, 290 (Bankr. D. Del. 2006). "Even though the Trustee's claims incidentally implicate creditors' rights, the Trustee has standing to assert the claims of the Debtors."  (D.I. 66), In re The Brown Schools, 368 B.R. 394, 400 (Bankr. D. Del. 2007); See Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.34 340, 348-49 (3d Cir. 2001).

Indeed, with respect to the fiduciary duty claims alone, the Trustee has alleged at least the six following categories of compensable harm suffered by TBS, only one of which has been challenged by the Defendants as so-called deepening insolvency damages:

- The payment of more than $18 million to TIAA;

8

- The granting of improper liens and the improper payment to insider defendants of more than $1.7 million directly and as much as $2.9 million through an inter-creditor agreement with TIAA;

- The payment of more than $700,000 to the law firm defendant;

- The wasting and loss of company assets in an amount that has yet to be determined;

- Millions of dollars of improper transfers among the subsidiaries; and,

- Operating losses and increased liabilities of more than $20 million incurred during the period that Defendants fraudulently prolonged the business while they looted the company and enriched themselves.

See, e.g., D.I. 72 ¶¶ 44, 48, 51, 53, 64, 78, 79). Each of these harms was suffered by the Debtors, and "it is irrelevant that, in bankruptcy, a successfully prosecuted cause of action leads to an inflow of money to the estate that will immediately flow out again to repay creditors." Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., Inc., 267 F.3d 340, 348-49 (3d Cir. 2001).

Defendants' reliance on a non-controlling decision of a New York district court, In re Parmalat Sec. Lit., 501 F.Supp.2d 560 (S.D.N.Y. 2007), is misplaced. First, that decision does not stand for the broad proposition posited by the Defendants – that a failed company cannot suffer compensable harm – especially in light of the self-dealing

and looting allegations alleged here. In re Parmalat, did not involve allegations that a defendant played both sides of a transaction to give itself priority and take the company's money for itself and ahead of other general creditors. See In re Parmalat Sec. Lit., 501 F.Supp.2d 560 (S.D.N.Y. 2007). Under Parmalat, simply continuing to operate as its assets declined may not have constituted harm to a company whose liquidation was inevitable, but even an insolvent corporation can be the victim of theft or looting. Id. at 576, 578 (finding not adequately alleged that it was the defendants' actions that caused the company's injuries).

As noted by the Trenwick and CitX decisions upon which Defendants' also mistakenly rely, a corporation that suffers damage, regardless of its state of solvency, is harmed and can recover for the wrongs done to it by one who breaches fiduciary duties, just as the corporation is harmed by the arsonist who burns its offices or the dishonest cashier who converts money from the till. See Trenwick Am. Lit. Trust v. Ernst & Young, L.L.P., 906 A.2d 168 (Del. Ch. 2006), aff'd sub nom Trenwick Am. Lit. Trust v. Billett, 931 A.2d 438 (Table) (Del. 2007); Seitz v. Detweiler, Hershey and Assoc., P.C. (In re CitX Corp., Inc.), 448 F.3d 672, 678 (3d Cir. 2006).

10

> B.   Damages For Increased Losses And Liabilities – So Called Deepened Insolvency Damages – Are Properly Recoverable For Breach Of Fiduciary Duty And Similar Wrongful Behavior.

The Bankruptcy Court appropriately held that deepening insolvency was a proper measure of damages for the Trustee's breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, and civil conspiracy claims.  (Mem. Op., D.I. 106)

In that regard, the Court analyzed the Third Circuit's decision in <u>In re CitX Corp., Inc.</u>, a case involving the alleged negligence of an accountant, and properly rejected Defendants' interpretation of the significance of that case in light of the facts and intentional torts alleged here:

> The Trustee also argues that even if the amount by which the Debtors' insolvency deepened was the only component of damages sought, those damages are recoverable under a breach of fiduciary duty theory and should survive a motion to dismiss. He argues that the Third Circuit's holding in CitX was that the company's deepening insolvency was not a viable theory of damages for the particular claim before that court, a negligence claim for accounting malpractice. 448 F.3d at 672. The Trustee argues that the basis of the CitX Court's decision was that the plaintiff could not prove actual harm and causation, two necessary elements of a malpractice claim. The Trustee argues, however, that the CitX case does not stand for the broad proposition that deepening insolvency cannot be a valid theory of damages for any independent cause of action, especially if those damages were suffered as a result of the breach of fiduciary duty and other claims he alleges.
>
> The Trustee instead urges this Court to follow

11

>   the decision in a case whose facts more closely
>   resemble those present here. Alberts v. Tuft (In
>   re Greater Southeast Cmty. Hosp. Corp. I), 353
>   B.R. 324, 333 (Bankr.D.C.2006). In Tuft, the
>   trustee alleged that the defendant directors
>   breached their fiduciary duties of care and
>   loyalty by allowing the company and its
>   subsidiaries to take on additional debt in a
>   fiscally irresponsible manner and by misusing
>   corporate assets. The Tuft Court, after
>   considering the CitX decision, held that
>   deepening insolvency was a valid theory of
>   damages for the breach of fiduciary duty claim.
>   Tuft, 353 B.R. at 336-37.
>
>   The Court agrees with the Trustee and the
>   reasoning of the Tuft Court. Consequently, the
>   Court will deny the MDC Defendants' motion to
>   dismiss these claims on this basis.

The Brown Schools, __ B.R. __, 2008 WL 1849790*8

(Bankr.D.Del.)³

Indeed, the Delaware Chancery Court in Trenwick, (906 A.2d 168), which was affirmed by Delaware's Supreme Court "on the basis of and for the reasons assigned by the Court

---

³   In this case, a fair reading of the Second Amended Complaint demonstrates that the Trustee alleges and seeks to prove that TBS was fraudulently prolonged as a result of Defendants' breach of fiduciary duty and that the Debtors' losses and liabilities increased dramatically during that period, and as a result of that wrongdoing. As the CitX court noted, "the increase in [a firm's] liabilities, the decrease in fair asset value, or its lost profits" each or together constitute valid measures of harm to the firm, regardless of the state of the firm's solvency. CitX, 448 F.3d at 678. Thus, recovery may be had on behalf of a firm when the wrongs committed by a defendant increased the firm's liabilities, decreased the value of its assets, or cost it profits, all allegations made by the Trustee here. CitX, 448 F.3d at 678.

12

of Chancery in its opinion," (931 A.2d 438), while rejecting an independent cause of action for deepening insolvency, held that harms associated with a company's increase in losses or liabilities, and decrease in fair asset values constituted compensable damages in the context of breach of fiduciary claims brought by a solvent or an insolvent company. Trenwick, 906 A.2d at 205 ("In either setting... the appropriate tool to examine the conduct of [fiduciaries] is the traditional fiduciary duty ruler.")[4]

Accordingly, the Trustee should be afforded the opportunity to prove that Defendants' breaches of fiduciary duty and other intentional wrongdoing increased the losses and liabilities of TBS and decreased the fair value of its assets, and Defendants' efforts to label that as improper "deepening insolvency damages" should be rejected.

---

[4] Defendants' reliance on Joseph v. Frank, et al. (In re Troll Comms., LLC), 2008 WL 901173, *8-9 (Bankr. D. Del. April 2, 2008) is also misplaced. That case actually supports the Trustee here, because the Bankruptcy Court recognized that although "the incidental impact upon the solvency calculation" is not relevant to the measure of damages, "the increase in [a firm's] liabilities, the decrease in fair asset value, or its lost profits" are proper measures of damages. In re Troll Comms., 2008 WL 901173, at *8-9.

3.  **AN IMMEDIATE APPEAL WILL NOT MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION, BUT WILL RESULT IN UNNECESSARY DELAY AND PREJUDICE TO THE DEBTORS.**

An immediate appeal of the Bankruptcy Court's order will not materially advance the ultimate termination of the litigation, but will merely further delay the case to the substantial prejudice of the Debtors and their estates.

The Defendants have delayed this case with two motions to dismiss, the second one in large part merely re-spinning for a second bite of the apple arguments previously rejected by the Bankruptcy Court almost a year ago.  There can be no doubt that the Trustee has advanced viable claims and alleged compensable damages, and it would serve no legitimate purpose to further delay this case while the parties and the Court address damage nuances.

After the completion of discovery, the Defendants will have every opportunity to challenge the Trustee's proofs, and it is at that stage, rather than at the initial pleading stage, that the Court will be in a position to properly assess the viability and extent of the Trustee's damage claims.  Dal-Tile, 203 B.R. at 557.

4.  **NO EXCEPTIONAL CIRCUMSTANCES JUSTIFY AN INTERLOCUTORY APPEAL.**

No exceptional circumstances distinguish this case from the procedural norm, which calls for postponing

14

appellate review until after the entry of final judgment. Dal-Tile, 203 B.R. at 557 (quoting Coopers & Lybrand, 437 U.S. at 475); In re Del. and Hudson Ry. Co., 96 B.R. 469, 473 (D. Del. 1989) (New York Department of Transportation denied leave to appeal interlocutory venue order even though Department's budgetary restrictions would prevent it from fully participating in Delaware litigation).

The Defendants can point to no exceptional circumstances which justify the need for immediate review. The mere possibility of saving time and avoiding the need to resolve other factual and legal matters does not sufficiently establish an urgency to set a case apart from the typical case. Bowie Produce Co., Inc. v. Magic American Café, Inc. (Matter of Magic Restaurants), 202 B.R. 24, 26 (D. Del. 1996).

Indeed, the risk of indiscriminate interlocutory review of decisions made by trial judges is so worrisome that appellate review of an interlocutory order may be denied for any reason. See Coopers & Lybrand, 437 U.S. at 475; Katz 496 F.2d at 754. In short, Defendants' desire to short-circuit the path to final judgment is not exceptional at all -- most defendants would appeal every unfavorable interlocutory order if they could.

## III. CONCLUSION

In light of the forgoing facts and authorities, the Trustee respectfully submits that Defendants' joint motion for leave to appeal should be denied.

Respectfully submitted,

KAUFMAN, COREN & RESS, P.C.

/s/
_____
Steven M. Coren
Larry H. Spector
1717 Arch Street
Suite 3710
Philadelphia, PA  19103
(215) 735-8700 Phone
(215) 735-5170 Fax
(Pro Hac Vice)

COZEN O'CONNOR

/s/
_____
John T. Carroll, III (DE. No. 4060)
1201 North Market Street
Suite 1400
Wilmington, DE 19801
(302) 295-2028 Phone
(302) 295-2013 Fax

Attorneys for Trustee
George L. Miller

Dated:  May 13, 2008

G:\Docs\MILLER, GEORGE TRUSTEE\Brown Schools\McCown Adversary Action\Defendants' Motion For Leave To Appeal\Answer_opp_mot_for_leave_to_appeal.smcrevised..doc

16