IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BROWN SCHOOLS, INC., et al.,<br>Debtors. | Case No. 05-10841 (MFW)<br><br>Chapter 7 |
| GEORGE L. MILLER, Chapter 7 Trustee of The Brown Schools, Inc.,<br><br>Plaintiff,<br><br>- v.-<br><br>McCOWN DE LEEUW & CO., INC., et al.,<br><br>Defendants. | No. 1:08-mc-00096 (SLR)<br><br><br><br>Adv. Proc. No. 06-50861 (MFW)<br><br>**Stipulation Relating to Defendant Robert J. Naples' Motion to Amend Bankruptcy Court's April 24, 2008 Order** |

## STIPULATION

WHEREAS, in the above-captioned adversary proceeding, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") issued its opinion (the "Opinion") and order (the "Order") on April 24, 2008, dismissing, in part, the above-captioned defendants' (collectively, the "Defendants") motions to dismiss;

WHEREAS, the Defendants timely filed in the United States District Court for the District of Delaware (the "District Court") a Joint Notice of Appeal of the Opinion and Order and also filed their joint motion for leave to appeal (the "Motion for Leave"). The Motion for Leave has been fully briefed but by stipulation filed on June 16, 2008, the parties jointly requested that the District Court defer decision on the Motion for Leave until notified that upcoming mediation efforts have not been successful. That stipulation was approved by order of the District Court dated June 19, 2008;

126522.00601/40175702v.1

WHEREAS, on June 12, 2008, pursuant to Federal Rule of Civil Procedure 60(a), made applicable to the adversary proceeding by Federal Rule of Bankruptcy Procedure 9024, Defendant Robert J. Naples ("Naples") filed in the Bankruptcy Court a Motion to Amend the Order (the "Motion to Amend") [Adv. Dkt. No. 124].

WHEREAS, by the Motion to Amend, Naples seeks entry of an order by the Bankruptcy Court amending the Order so that it accurately reflects the Bankruptcy Court's rulings set forth in the Opinion with respect to the actual fraud claims asserted against Naples. No opposition was filed in response to the Motion to Amend.

WHEREAS, on July 9, 2008, Naples filed in the Bankruptcy Court a certificate of no objection with respect to the Motion to Amend [Adv. Dkt. No. 127]. Copies of the certificate of no objection and the Motion to Amend are attached hereto as Exhibit "1".

WHEREAS, given the pendency of the appeal, the Bankruptcy Court has informed Naples that pursuant to Fed. R. Civ. P. 60(a), leave of the District Court should be obtained before the Order is amended;

WHEREAS, none of the parties to the adversary proceeding oppose the relief requested by the Motion to Amend;

IT IS HEREBY STIPULATED AND AGREED by all of the parties hereto that the District Court may enter an order in substantially the form attached hereto as Exhibit "2" granting the Bankruptcy Court leave to amend the Order in accordance with the relief requested by the Motion to Amend.

Dated: July 18, 2008

**BLANK ROME LLP**

*/s/ Michael D. DeBaecke*
Michael David DeBaecke (No. 3186)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
debaecke@blankrome.com

-- and --

Ian M. Comisky
Roger F. Cox
One Logan Square
Philadelphia, PA 19103
(215) 569-5555

***Attorneys for Defendant Robert J. Naples***

**COZEN O'CONNOR**

*/s/ John T. Carroll, III*
John T. Carroll, III (No. 4060)
1201 North Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2028

-- and --

**KAUFMAN, COREN & RESS, P.C.**
Steven M. Coren
Larry H. Spector
John W. Morris
1717 Arch Street, Suite 3710
Philadelphia, PA 19103
(215) 735-8700

*Attorneys for Trustee/Plaintiff*
*George L. Miller*


**RICHARDS, LAYTON & FINGER P.A.**


*/s/ John H. Knight*
John H. Knight (No. 3848)
920 North King Street
One Rodney Square
Wilmington, DE 19801
(302) 651-7700

-- and --

**BAKER BOTTS, L.L.P.**
Rod Phelan
David Genender
2001 Rose Avenue, Suite 600
Dallas, TX 75201-2980
(214) 953-6500

*Attorneys for Defendant Winstead P.C.,*
*f/k/a Winstead Sechrest & Minick, P.C.*


**ASHBY & GEDDES, P.A.**


*/s/ William P. Bowden*
William P. Bowden (No. 2553)
Ricardo Palacio (No. 3765)
Karen B. Skomorucha (No. 4759)
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801
(302) 654-1888

4

-- and --

Robert L. Eisenbach, III, Esq.
Curtis Renoe, Esq.
Cooley Godward Kronish LLP
101 California Street, 5th Floor
San Francisco, CA 94111

***Attorneys for MDC Defendants***

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BROWN SCHOOLS, INC., *et al.*,<br>Debtors. | Case No. 05-10841 (MFW)<br><br>Chapter 7 |
| GEORGE L. MILLER, Chapter 7 Trustee of The Brown Schools, Inc.,<br><br>Plaintiff,<br><br>- v.-<br><br>McCOWN DE LEEUW & CO., INC., et al.,<br><br>Defendants. | Adv. Proc. No. 06-50861 (MFW) |

## CERTIFICATE OF NO OBJECTION RE: ADV. DKT. NO. 124

1. Defendant Robert J. Naples ("Naples") hereby certifies pursuant to Local Bankruptcy Rule 7007-4 that no opposition has been filed to his pending Motion to Amend the Court's April 24, 2008 Order Dismissing, In Part, the Second Amended Complaint (the "Motion") [Adv. Dkt. No. 124]. The Motion was filed on June 12, 2008.

2. Responses, if any, to the Motion were due on or before June 26, 2008. To date, there has been no response filed by or received from any party.

126522.00601/40175607v.1

Wherefore, Naples respectfully requests entry of an order in substantially the form attached hereto as Exhibit "1".

Dated: July 9, 2008

**BLANK ROME LLP**

*Michael DeBaecke*
Michael D. DeBaecke (No. 3186)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6412

and

Ian M. Comisky (*pro hac vice*)
Roger F. Cox (*pro hac vice*)
Kevin P. Dougherty (*pro hac vice*)
One Logan Square
Philadelphia, PA 19103
(215) 569-5500

Counsel for Defendant Robert J. Naples

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BROWN SCHOOLS, INC., *et al.*,<br>Debtors. | Case No. 05-10841 (MFW)<br><br>Chapter 7 |
| GEORGE L. MILLER, Chapter 7 Trustee of The Brown Schools, Inc.,<br><br>Plaintiff,<br><br>- v.-<br><br>McCOWN DE LEEUW & CO., INC., *et al.*,<br><br>Defendants. | Adv. Proc. No. 06-50861 (MFW)<br><br>**Re: Adv. Dkt. No. 124** |

## ORDER

AND NOW, this ____ day of July 2008, upon consideration of defendant Robert J. Naples' Motion to Amend the Court's April 24, 2008 Order Dismissing, In Part, the Second Amended Complaint (the "Motion") [Adv. Dkt. No. 124] and the Certificate of No Objection filed on July 9, 2008, in connection therewith; and no opposition having been filed in response to the Motion; and the Court having found pursuant to Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, that sufficient cause exists in support of the relief requested by the Motion, it is hereby

**ORDERED** that the Motion is **GRANTED**. This Court's April 24, 2008 Order [Adv. Dkt. No. 107] is hereby amended to include the following paragraphs dismissing the actual fraud claims asserted against Naples within the Third Claim of the Second Amended Complaint:

> **ORDERED that the actual fraud claims contained within the Third Claim of the Second Amended Complaint with respect to the April**

126522.00601/40175609v.1

2003 Sales Transaction are DISMISSED with respect to Naples; and it is further

ORDERED that the actual fraud claims contained within the Third Claim of the Second Amended Complaint with respect to the July 2004 Restructuring are DISMISSED with respect to Naples.

IT IS SO ORDERED.

_____
Honorable Mary F. Walrath

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BROWN SCHOOLS, INC., *et al.*,<br>Debtors. | Case No. 05-10841 (MFW)<br><br>Chapter 7 |
| GEORGE L. MILLER, Chapter 7 Trustee of The Brown Schools, Inc.,<br><br>Plaintiff,<br><br>- v.-<br><br>McCOWN DE LEEUW & CO., INC., et al.,<br><br>Defendants. | Adv. Proc. No. 06-50861 (MFW) |

**DEFENDANT ROBERT J. NAPLES' MOTION TO AMEND THE COURT'S APRIL 24, 2008 ORDER DISMISSING, IN PART, THE SECOND AMENDED COMPLAINT**

Defendant Robert J. Naples ("Naples") hereby moves the Court pursuant to Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, to correct a clerical error in its April 24, 2008 Order dismissing, in part, the Second Amended Complaint. In support thereof, Naples states as follows:

**FACTUAL BACKGROUND**

1.   On July 19, 2007, Plaintiff George L. Miller, Chapter 7 Trustee of the Brown Schools, Inc., ("Plaintiff" or "Trustee") filed a second amended complaint (the "Second Amended Complaint") in this adversary proceeding.

126522.00601/11784081v.2

2. On September 4, 2007, Naples (i) filed a motion to dismiss the Trustee's Second Amended Complaint, (ii) joined in the MDC Defendants' motion to dismiss the Second Amended Complaint,[1] and (iii) joined in Winstead Sechrest & Minick, P.C's ("Winstead") motion to dismiss the Second Amended Complaint.

3. In response to the defendants' motions to dismiss, this Court, on April 24, 2008, issued a Memorandum Opinion (the "Opinion") and Order (the "Order") dismissing, in part, the Second Amended Complaint. The Opinion and Order are attached hereto as Exhibits A and B, respectively.

4. All of the defendants have filed a notice of appeal of the Opinion and Order. A motion for leave to appeal currently remains pending and unadjudicated in the Delaware District Court, C.A. No. 08-00096 (SLR).

5. By the Opinion, the Court dismissed the actual and constructive fraud claims asserted against Naples within the Third Claim of the Second Amended Complaint. In so holding, the Court stated:

> The Court agrees with Naples and concludes that *the Trustee has failed to state a claim for any actual or constructive fraud against Naples and will grant the motion to dismiss as to that claim.* As noted, the Trustee has not identified any transfer made to Naples. Merely being an employee of a transferee is insufficient, without more, to establish that Naples was the transferee or benefited from the transfer.

Opinion at 32 (emphasis added).

6. The Order, however, expressly dismissed only the constructive fraud claims – not the actual fraud claims – as to Naples. (Order at 2.)

---

[1] The MDC Defendants are collectively McCown De Leeuw & Co., Inc. ("MDC-1") and the following of its affiliates: Kids Acquisition, LLC; ("Kids Acquisition"), McCown De Leeuw & Co., III, L.P., MDC Management Company III, L.P., MDC Management Company IIIA, L.P., McCown De Leeuw & Co. III (Europe), L.P., McCown De Leeuw & Co. III (Asia), L.P., Gamma Fund LLC, McCown De Leeuw & Co. IV, L.P., McCown De Leeuw &

126522.00601/11784081v.2

## APPLICABLE LAW

7. Fed. R. Civ. P. 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

8. The Opinion dismissed both the actual and constructive fraud claims as against Naples because Naples is not alleged to be a transferee of any fraudulent transfers. However, the Order as drafted does not accurately reflect the intent of the Court because the Order only dismisses the constructive fraud claims asserted against Naples. This oversight in the Order should be corrected pursuant to Rule 60(a). *See e.g. 11 Wright, Miller, & Kane, Federal Practice and Procedure Civil 2d* § 2854 at page 248 ("Similarly if the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision, the rule authorizes correction of the judgment.") (citations omitted); *Pruzinsky v. Gianetti (In re Walter)*, 282 F.3d 434, 441 (6th Cir. 2002) ("court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial'"), *quoting Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987); *Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d 498, 504-05 (2d Cir. 2007) (original judgment susceptible to correction because it did not accurately reflect court's intent).

9. The pendency of the appeal and defendants' presently unadjudicated motion for leave to appeal the Opinion and Order arguably implicate the third sentence of Rule

---

Co. IV Associates, L.P., Delta Fund, LLC, MDC Management IV, LLC, and McCown De Leeuw & Co., LLC

60(a). *Assuming arguendo* the third sentence is applicable, it is unclear under Rule 60(a) whether it is the movant or the Bankruptcy Court who obtains leave of the District Court to amend the Order. *Compare Crumpacker v. Crumpacker*, 516 F. Supp. 292, 297 (N.D. Ind. 1981). Naples stands ready to do what may be required of him to obtain leave of the District Court for amendment of the Order.

10. Counsel for the MDC defendants and counsel for defendant Winstead have informed the undersigned that their respective clients do not oppose the relief requested by this Motion. There has been no response received from the Trustee as to whether he opposes the relief requested.

11. Pursuant to Local Bankruptcy Rule 7007-1(a), Naples hereby waives his right to file an opening brief in support of the relief requested herein.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

---

("MDC-1 Affiliates").

Wherefore, Naples respectfully requests that the Court amend the Order to include the dismissal of the actual fraud claims asserted against Naples within the Third Claim of the Second Amended Complaint. A proposed amended order and a blackline comparison against the Order are attached hereto as Exhibits C and D, respectively.

BLANK ROME LLP

Dated: June 12, 2008

*/s/ Michael DeBaecke*
Michael D. DeBaecke (No. 3186)
1201 Market Street, Suite 800
Wilmington, Delaware 19801
Phone: (302) 425-6412

and

Ian M. Comisky (*pro hac vice*)
Roger F. Cox (*pro hac vice*)
Kevin P. Dougherty (*pro hac vice*)
One Logan Square
Philadelphia, PA 19103
Phone: (215) 569-5500

*Counsel for Defendant Robert J. Naples*

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>THE BROWN SCHOOLS, INC., et al.,<br>Debtors. | Case No. 05-10841 (MFW)<br><br>Chapter 7 |
| GEORGE L. MILLER, Chapter 7 Trustee of The Brown Schools, Inc.,<br><br>Plaintiff,<br><br>- v.-<br><br>McCOWN DE LEEUW & CO., INC., et al.,<br><br>Defendants. | No. 1:08-mc-00096 (SLR)<br><br><br>Adv. Proc. No. 06-50861 (MFW)<br><br>**Order Approving Stipulation Relating to Defendant Robert J. Naples' Motion to Amend Bankruptcy Court's April 24, 2008 Order** |

## ORDER

AND NOW, this ____ day of July, 2008, upon consideration of the parties' Stipulation Relating to Defendant Robert J. Naples' Motion to Amend the Bankruptcy Court's April 24, 2008 Order (the "Stipulation"); and the Court having determined that no further notice of the Stipulation is necessary;

**IT IS ORDERED** that the Stipulation is hereby **APPROVED.**

**IT IS FURTHER ORDERED** that pursuant to Federal Rule of Civil Procedure 60(a), leave is hereby granted to the Bankruptcy Court to amend its April 24, 2008 Order consistent with the relief requested in Naples' Motion to Amend.

_____
Honorable Sue L. Robinson
U.S. District Court Judge

126522.00601/40175717v.1